PROB 12C  
(06/17)

January 19, 2022  
pacts id: 6621971

# UNITED STATES DISTRICT COURT
# FOR THE
# SOUTHERN DISTRICT OF CALIFORNIA

## Petition for Warrant or Summons for Offender Under Supervision

**Name of Offender:** Alexandra Renee Bell (English)  **Dkt. No.:** 20CR01812-001-CAB

**Reg. No.:** 95306-298

**Name of Sentencing Judicial Officer:** The Honorable Cathy Ann Bencivengo, U.S. District Judge

**Original Offense:** 21 U.S.C. §§ 952 and 960, Importation of Methamphetamine, a Class A felony.

**Date of Revocation Sentence:** September 10, 2021

**Sentence:** Time served (75 days' custody); 2 years' supervised release. *(Special Conditions: Refer to Judgment and Commitment Order.)*

**Type of Supervision:** Supervised Release      **Date Supervision Commenced:** September 10, 2021

**Asst. U.S. Atty.:** Rebecca S. Kanter      **Defense Counsel:** Meghan A. Blanco (Appointed) (949) 296-9869

**Prior Violation History:** Yes.  Please refer to prior court correspondence.

---

## PETITIONING THE COURT
## TO ISSUE A NO-BAIL BENCH WARRANT

PROB12(C)

| | |
|---|---:|
| Name of Offender: Alexandra Renee Bell | January 19, 2022 |
| Docket No.: 20CR01812-001-CAB | Page 2 |

The probation officer believes that the offender has violated the following condition of supervision:

| CONDITION | ALLEGATION OF NONCOMPLIANCE |
|---|---|
| **(Standard Condition)** The defendant must report to the probation office in the federal judicial district where they are authorized to reside within 72 hours of their release from imprisonment, unless the probation officer instructs the defendant to report to a different probation office or within a different time frame. | 1. Ms. Bell failed to report to the U.S. Probation Office for further supervision instructions, within 72 hours following her release from custody, as required. |

*Grounds for Revocation:* As to Allegation 1, records reflect that on September 10, 2021, Ms. Bell released from custody following a time served sentence in relation to a revocation of supervised release hearing in this matter. Thereafter, she had 72 hours to report to the U.S. Probation Office for supervision instructions. On September 15, 2021, Ms. Bell called the U.S. Probation Office and left a recorded message requesting a call back at a cellular number. The previously assigned probation officer called the reported telephone number multiple times with no success in reaching Ms. Bell. Further attempts to locate Ms. Bell have been unsuccessful. Ms. Bell has since failed to report for supervision and has made herself unavailable for the supervision process.

| CONDITION | ALLEGATION OF NONCOMPLIANCE |
|---|---|
| **(Standard Condition)** The defendant must live at a place approved by the probation officer. If the defendant plans to change where they live or anything about their living arrangements (such as the people living with the defendant), the defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, the defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change. | 2. On or about September 10, 2021, Ms. Bell failed to provide probation with a change of address within 72 hours of becoming aware of the change, as ordered by the court. |

*Grounds for Revocation:* As to allegation 2, Ms. Bell was released from custody after serving a time served sentence subsequent to her supervision being revoked for failing to report to the probation officer and failing to report a change of residence. Upon her release, she failed to provide probation with an updated address of where she intended to reside. To date, Ms. Bell has made no contact with probation to provide an address of where she resides.

Case 3:20-cr-01812-CAB   Document 54   Filed 01/20/22   PageID.125   Page 3 of 6

PROB12(C)

| | |
|---|---|
| Name of Offender: Alexandra Renee Bell | January 19, 2022 |
| Docket No.: 20CR01812-001-CAB | Page 3 |

## VIOLATION SENTENCING SUMMARY

### SUPERVISION ADJUSTMENT

Ms. Bell has not been subject to supervision since the onset of supervision. Following her release from custody, she failed to physically report to the U.S. Probation Office for further supervision instructions. Ms. Bell's current whereabouts is unknown, as she additionally has not provided any address as to where she resides. This conduct is similar to her violation conduct outlined in the initial petition to revoke filed in this matter. Ms. Bell moved without authorization, and failed to notify probation of this change, and ultimately absconded from supervision. She was given a time served sentence upon that revocation, but it appears she is not taking advantage of that second opportunity granted to her from the Court. Her overall adjustment to supervision is deemed poor.

### OFFENDER PERSONAL HISTORY/CHARACTERISTICS

Ms. Bell is a 31-year-old person who at the time of the revocation hearing in this matter, reported she would be residing in the El Cajon, California area. She has a limited criminal history consisting of a theft conviction when she was 20 years. She has a history of using methamphetamine and admitted using the drug while on pretrial supervision.

Ms. Bell reported being single but having two children from two prior relationships. Her oldest child lives with an aunt, while the youngest one resides with her father.

On December 14, 2021, a San Diego County Public Health Department worker contacted the probation office requesting that once Ms. Bell is located, she be instructed to contact her office. The public health department has urgent confidential public health information to share with Ms. Bell.

### SENTENCING OPTIONS

### CUSTODY

**Statutory Provisions:** Upon the finding of a violation, the court may modify the conditions of supervision; extend the term (if less than the maximum authorized term was previously imposed); or revoke the term of supervised release. 18 U.S.C. § 3583(e)(2) and (3).

If the court revokes supervised release, the maximum term of imprisonment upon revocation is 60 months. 18 U.S.C. § 3583(e)(3).

**USSG Provisions**: The allegation (failure to report for supervision within 72 hours of release, Failure to notify probation of her change of address) constitutes a Grade C violations. USSG §7B1.1(a)(3)(B), p.s.

Upon a finding of a Grade C violation, the court may (A) revoke supervised release; or (B) extend the term and/or modify the conditions of supervision. USSG §7B1.3(a)(2), p.s.

A Grade C violation with a Criminal History Category I (determined at the time of sentencing) establishes an **imprisonment range of 3 to 9 months.** USSG § 7B1.4, p.s. It is noted that in the case of a Grade C violation, and where the minimum term of imprisonment determined under USSG §7B1.4, p.s., is at least one month but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement... for any portion of the minimum term. USSG §7B1.3(c)(1), p.s.

PROB12(C)

| | |
|---|---|
| Name of Offender: Alexandra Renee Bell | January 19, 2022 |
| Docket No.: 20CR01812-001-CAB | Page 4 |

Since "the original sentence was the result of a downward departure ... an upward departure may be warranted" upon revocation. The court can depart from the available imprisonment range and impose a sentence of up to the statutory maximum of 60 months. USSG §7B1.4, p.s., comment. (n.4), and 18 U.S.C. § 3583(e)(3).

## REIMPOSITION OF SUPERVISED RELEASE

If supervised release is revoked and the offender is required to serve a term of imprisonment, the court can reimpose supervised release upon release from custody. The length of such a term shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C.§ 3583(h).

In this case, the court has the authority to reimpose a term of supervised release of any years up to life, less any term of imprisonment imposed upon revocation. 18 U.S.C. § 3583(k), and 21 U.S.C. §§ 841, 960.

## JUSTIFICATION FOR BENCH WARRANT

Ms. Bell failed to report for supervision following her release from custody and therefore, has not been subject to supervision for an extended period of time. The issuance of a warrant for her arrest in necessary to ensure her presence before the court.

## RECOMMENDATION/JUSTIFICATION

This marks the second petition to revoke in this matter which stems from similar conduct. During her first term of supervision, Ms. Bell failed to report for supervision as directed by the probation officer and she failed to follow supervision instructions. At the revocation hearing, she was given a significant break and received a sentence of time served. However, Ms. Bell called the probation office once and ceased contact with the probation office thereafter. Numerous attempts to locate her and bring her into compliance have produced no results.

Given these factors, should the allegation of noncompliance be sustained, it is respectfully recommended supervised release be revoked. Considering the breach of the court's trust once again, it is recommended Ms. Bell be sentenced to the mid-range of imprisonment, 6 months' custody, followed by two years' supervised release under the previously imposed conditions of supervision.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: **January 19, 2022**

Respectfully submitted:
DANIEL J. KILGORE
CHIEF PROBATION OFFICER

by _/s/ Pascual Linarez_
Pascual Linarez
U.S. Probation officer
(760) 339-4202

Reviewed and approved:

_/s/ Paula D. Burke_
Paula D. Burke
Supervisory U.S. Probation Officer

PROB12CW                                                                                January 19, 2022

# VIOLATION SENTENCING SUMMARY

1. **Defendant:** Bell, Alexandra Renee

2. **Docket No.** (Year-Sequence-Defendant No.)**:** 20CR01812-001-CAB

3. **List Each Violation and Determine the Applicable Grade** (*See* USSG § 7B1.1)**:**

| Violations | Grade |
|---|---|
| Failure to report for supervision within 72 hours of release. | C |
| Failure to notify probation of her change of address | C |

4. **Most Serious Grade of Violation** (*See* USSG § 7B1.1(b))            [   C   ]
5. **Criminal History Category** (*See* USSG § 7B1.4(a))                   [   I   ]
6. **Range of Imprisonment** (*See* USSG § 7B1.4(a))              [   3 to 9 months   ]

7. **Unsatisfied Conditions of Original Sentence**: List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (*See* USSG § 7B1.3(d)):

    Restitution ($) _____      Community Confinement _____
    Fine ($)        _____      Home Detention          _____
    Other           _____      Intermittent Confinement _____

PROB12(C)

| | |
|---|---|
| Name of Offender: Alexandra Renee Bell | January 19, 2022 |
| Docket No.: 20CR01812-001-CAB | Page 6 |

**THE COURT ORDERS:**

__x__   AGREE. A NO-BAIL BENCH WARRANT BE ISSUED BASED UPON A FINDING OF PROBABLE CAUSE TO BRING THE OFFENDER BEFORE THE COURT TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED FOR THE ALLEGED VIOLATIONS. THE PETITION AND THE WARRANT WILL BE SEALED UNTIL THE OFFENDER HAS BEEN ARRESTED ON THE WARRANT AND THEN THE PETITION AND WARRANT MAY BE UNSEALED. NOTWITHSTANDING THE SEALING, A COPY OF THE PETITION AND WARRANT WILL BE GIVEN TO THE U.S. MARSHAL FOR USE BY LAW ENFORCEMENT.

_____   DISAGREE. THE ISSUANCE OF A SUMMONS ORDERING THE OFFENDER TO APPEAR BEFORE THE COURT ON _____, AT _____, TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED.

_____   OTHER _____

_____      1/20/2022
The Honorable Cathy Ann Bencivengo                              Date
U.S. District Judge